■ GEORGE E. LEONE, as Commissioner of Health of Suffolk County, Respondent, v. JOSEPH PARIS, Doing Business as SUNSHINE LAUNDROMAT, Appellant.— In an action to enjoin the defendant from operating and maintaining a coin-operated laundry, the defendant appeals from a judgment of the Supreme Court, Suffolk County, entered August 13, 1964 after a nonjury trial, upon the court's decision (see 43 Misc 2d 442), which permanently enjoined the defendant, effective 60 days from the entry of judgment: (1) from discharging untreated waste from his laundromat into the ground waters of Suffolk County; and (2) from the operation of said laundromat. Judgment modified on the law and the facts as follows: (1) by striking out from the first and second decretal paragraphs the provision making the injunction effective 60 days from the date of entry of the judgment; (2) by striking out the third decretal paragraph permitting defendant to resume operation of his laundromat upon the occurrence of certain events and upon application to the court; and (3) by adding the following two provisions: (a) a provision that the injunction shall take effect on such date as the plaintiff hereafter may specify for compliance in notices to the owners of existing nonconforming laundromats requiring them to install appropriate treatment facilities; and (b) a provision that either party may hereafter apply to the court, on notice to the other, for appropriate relief at the foot of the judgment in order to fully effectuate its purpose. As so modified, the judgment is affirmed, without costs. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The defendant contends that plaintiff had no power to require him to install waste treatment facilities as part of the disposal system of a new laundromat

which he (the defendant) proposed to construct. The defendant argues, *inter alia*, that he is suffering discrimination by reason of the fact that the plaintiff has not yet required all existing laundromats to modify their disposal systems in a similar manner. We are of the opinion that, as found by the trial court, the plaintiff acted well within his powers as the Commissioner of Health of Suffolk County. His differentiation between existing laundromats and new laundromats was not arbitrary, but was based on the then scanty supply of treatment devices and the greater ease of installation in a new system than in an existing system which had not been originally designed for such equipment. The plaintiff also apparently desired to accumulate a certain degree of experience with these relatively new and highly expensive treatment devices before dircting the existing laundromats to suspend operations and to dig the flocculation and settling pools, etc., which the present method of treatment ordinarily requires. A reading of the record convinces us, however, that in this case the defendant should be classified with those laundromat owners who were already operating when the requirement for treatment facilities went into effect. The defendant had actually constructed a disposal system in accordance with a plan previously supplied by the plaintiff, but the device which plaintiff had recommended for installation in the system was thereafter found to be unavailable; and a modified version of such device when it finally became available was neither suited to the system which the defendant had constructed nor was the device as modified on the plaintiff's approved list. In the interest of justice, we believe that the defendant, having in good faith made every effort and incurred considerable expense to conform to plaintiff's requirements, should not now be compelled to modify his existing disposal system; he should not be required to do so until a general order for modification of existing laundromat disposal systems shall have been issued by plaintiff. If plaintiff's expectations are fulfilled, it may be fairly assumed that such an order will issue within the current year. (For decision at Special Term, see 43 Misc 2d 442.) Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.